CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
AUG 25 2010
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROBERT LEWIS CAIN, | ) | |
|    Petitioner, | ) | Civil Action No. 7:10cv00144 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WARDEN TRACY RAY, | ) | By: Samuel G. Wilson |
|    Respondent. | ) | United States District Judge |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by Robert Lewis Cain claiming that the Virginia Department of Corrections ("VDOC") is wrongfully denying him 4,529 days of "statutory release credits." The respondent has moved to dismiss on the grounds that ADEPA's one year statute of limitations, 28 U.S.C. § 2244(d), bars the claim, that the claim is procedurally barred by an adequate and independent state procedural rule, and that the claim fails on its merits. The court finds that Cain's petition is untimely and that Cain has not demonstrated grounds for equitable tolling. Therefore, the court grants respondent's motion and dismisses Cain's petition.

I.

Cain has a lengthy criminal record dating back to the early 1970s. He was committed to the custody of the Department of Corrections on multiple offenses and paroled. He committed numerous other offenses, received additional time, and his parole was revoked. During the span of his confinement Cain committed numerous crimes and institutional infractions. As a consequence, since March 8, 1993 Cain has been assigned continuously to "class level IV," which means that he is not earning good time credit. As the United States District Court for the Eastern District Virginia stated in December 2001 in ruling on claims similar to the one Cain raises here:

> due to a legion of violations of prison rules and three criminal convictions while

incarcerated, Cain has spent much of his time in class level IV earning zero good time credits for the time served.

Cain v. Braxton, No. 3:01cv210 (E.D. Va. 2001). The record in this case is replete with evidence that Cain knew his mandatory release date, which as of 2003 was October 2012 (see e.g. Docket entry #15, Ex. #1), and since 2003, Cain has been convicted of yet another felony assault and battery and has been sentenced to an additional three years. (Docket entry #1, Ex. #2).

## II.

Respondent has moved to dismiss on the grounds that the AEDPA's one-year statute, 28 U.S.C. § 2244(d)(1), bars Cain's claim.[1] The court agrees that Cain's petition is untimely and that he has not demonstrated grounds for equitable tolling. Accordingly, the court grants respondent's motion to dismiss.

The one-year statute of limitations of 28 U.S.C. § 2244(d)(1) "applies to claims challenging any aspect of custody, so long as the petitioner is in custody pursuant to a state court judgment." Wade v. Robinson, 327 F.3d 328, 330-31 (4th Cir. 2006). Here, the limitations period runs, pursuant

---

[1] Under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA") on April 24, 1996, a federal petition for writ of habeas corpus must be brought within one year from the latest of the following:
    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A - D).

to § 2244(d)(1)(D), from "the date on which the factual predicate of the claim . . . presented could have been discovered through the exercise of due diligence." It is clear that Cain has known for many years, that he was not earning good time credits based upon his classification due to his many infractions. Indeed, the United States District Court for the Eastern District Virginia made plain in 2001, although it was no doubt plain to Cain already. Cain also has known his mandatory parole release date for as long. Cain can count and has been capable of adding the time he has received for new convictions which are moving that release date into the future. In short, he has known the factual predicate of his claim for many years before filing his current habeas petition on March 24, 2010.[2] Therefore, Cain's petition is time-barred unless he demonstrates grounds for equitable tolling.[3] Despite being given the opportunity to address the timeliness of his petition, Cain has not demonstrated that he diligently pursued his claims. Accordingly, the court finds that Cain has not demonstrated any grounds for equitable tolling and his petition is barred by the state of limitations.

---

[2] The court notes that Cain filed two state habeas petitions in the Supreme Court of Virginia. His first petition, filed in June 2008, was dismissed as untimely filed. His second petition, filed in December 2009, was dismissed after the court determined that habeas corpus did not lie in the issues he raised. Because the statute of limitations on Cain's claims had already run by the time Cain filed these petitions in state court, they afforded him no tolling. Moreover, his first petition was not "properly filed," and therefore, even if the statute of limitations had not already expired on his claim, his first state petition would not afford him tolling under § 2244(d)(2). Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's [habeas] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).")

[3] A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed by a federal district court. 28 U.S.C. § 2244(d)(1)(A)-(D). A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d. 238, 246 (4th Cir. 2003) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control" prevented him from complying with the statutory time limit, despite his exercise of "reasonable diligence in investigating and bringing the claims." Harris, 209 F.3d at 330 (citing Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 617 (3d Cir. 1998)).

## III.

For the reasons stated herein, the court grants respondent's motion and dismisses Cain's petition.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the parties.

ENTER: This 25th day of August, 2010.

United States District Judge